United States Court of Appeals
Fifth Circuit

**F I L E D**

September 13, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-60954
Summary Calendar

JULIO RIVERA-PRUDENCIA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A95-117-426)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julio Rivera-Prudencia (Rivera) petitions for review of the Board of Immigration Appeals' (BIA) summarily affirming the immigration judge's (IJ) decision to deny his application for asylum and withholding of removal.

The IJ's conclusion that Rivera has not shown past persecution or a well-founded fear of future persecution due to his political opinion was supported by substantial evidence. *See* ***Faddoul v. INS***, 37 F.3d 185, 188 (5th Cir. 1994). Rivera makes vague assertions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, due to his father's military status, he was persecuted before he left El Salvador in 1993, but he does not explain how he was persecuted, nor does he offer any evidence that any members of his family living in El Salvador have ever been targets of persecution.

The only evidence of harassment that Rivera offered was that, upon his return to El Salvador in 2001, his coworkers issued death threats and were aggressive toward him due to his refusal to participate in a political protest march with them. Rivera's coworkers' anger was due, however, to the fact that Rivera could expose to authorities criminal activities that occurred during the march, not due to Rivera's political opinion. In addition, as the IJ noted, Rivera can avoid such coworker conduct by relocating to a city other than those in which he had lived. Accordingly, the IJ did not err in denying Rivera's asylum and withholding of removal application.

Rivera has not identified any error in the IJ's determination that he was not eligible for withholding of removal under the Convention Against Torture. Therefore, Rivera has waived this issue. *See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

*DENIED*